HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL M. SANDOVAL,<br><br>    Plaintiff,<br><br> v.<br><br>DEPARTMENT OF THE ARMY,<br><br>    Defendant. | CASE NO. C17-5034RBL<br><br>ORDER |

  THIS MATTER is before the Court on Plaintiff Daniel Sandoval's Motion for Summary Judgment [Dkt. #15] and on the Defendant Army Board for the Correction of Military Records (ABCMR)'s Cross Motion for Summary Judgment [Dkt. #17] Sandoval also asks the Court to strike [Dkt. #21] ABCMR's Reply [Dkt. #19], calling it an unauthorized Surreply. That motion is DENIED.

  The case involves an appeal of an administrative decision to discharge Sandoval from the U.S. Army Reserve. The Court's review is on the record.

  Sandoval entered the Army in July 2001, and he committed to stay in for eight years. He was soon transferred to the Washington Army National Guard. He was ordered to attend Officer Basic Course (OBC) training in 2005, but the orders were revoked because Sandoval failed his

physical fitness test. In February 2006, he was discharged from the National Guard into the Army Reserve (USAR), for failing to complete a branch or basic entry qualification course. Two months later, he was again ordered to attend OBC, starting in April. He was removed from the course for failing to pass height/weight standards. He was then evaluated for "officer elimination" for unsatisfactory performance. He appeared before the administrative separation board in March 2007. In January 2008, the board recommended that he be retained despite his substandard performance, and that he be trained instead in a specialty that suited his abilities. However, Sandoval was not eligible for OBC training while he was under administrative consideration for separation.

Meanwhile, the promotion board separately considered Sandoval for promotion to Captain. It did so in November 2006 (before the administrative separation review began), and again in November 2007, while that review was pending. Both times, Sandoval was not promoted because he did not meet the required educational standards.

In March 2008, the Army informed Sandoval he would be discharged because he had twice been denied promotion. He was discharged effective January 31, 2009.

Sandoval appealed to the ABCMR. He complained that he could not get the educational training he needed for promotion because he was denied OBC training, due to the pending administrative separation action (based on his performance). He asked to be allowed to attend OBC. The ABCMR sought and obtained an advisory opinion on this request, and the opinion recommended denial, because not only had Sandoval been passed over for promotion twice due to educational deficiencies, he was also facing an administrative separation for performance deficiencies. The ABCMR denied Sandoval's appeal, and he sued.

Sandoval is *pro se*. He vaguely claims that the ABCMR violated his "constitutional rights," and that the bases for his discharge were "fraudulent." He seeks summary judgment on these claims. He argues first that his Mandatory Service Obligation (eight years) did not expire until July 18, 2009, and that that he could not be discharged before that obligation was met. He also claims that he could not have been legally discharged prior to March 2, 2009, because the Army "retained" him as of March 3, 2008; he claims that that retention lasted at least one year, no exceptions.

ABCMR's argues, persuasively, that a discharge before the expiration of a soldier's mandatory service obligation is not a violation of his rights—the obligation is binding on the soldier, but not the Army:

> The statutory MSO can be terminated by the Army prior to its fulfillment. Separation due to discharge, dismissal or being dropped from the rolls of the Army terminates a soldier's statutory obligation.

AR 135-91(2-1)(b) (2005). Sandoval does not address the merits of this position, or its common sense conclusion.

On the substance, ABCMR argues that its conclusion that Sandoval's training opportunities were not wrongfully withheld were not arbitrary or otherwise actionable as a matter of law. It emphasizes that the standard of review for administrative appeals requires Sandoval to demonstrate that the ABCMR's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). It argues that the ABCMR's decision is entitled to "substantial deference" and that the validity of its resolution is "presumed." *Center for Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009) This Court must evaluate only the legality of the decision, and cannot second guess or otherwise

substitute its judgement for that of the agency. *See Alcoa v Bonneville Power Admin.*, 698 F.3d 774, 788 (9th Cir, 2012).

The ABCMR determined and explained that Sandoval's discharge for being twice passed over for promotion was not inequitable (despite his inability to attend OBC at the end of his tenure, and its refusal to permit yet another attempt was not arbitrary or capricious:

> Based on the fact that the applicant had not completed his military education by the convening date of the November 2007 promotion selection board, he was not qualified for promotion. The requirement for completion of the OBC is a long-standing requirement for promotion to CPT and he had the responsibility to ensure that he was physically fit prior to attending OBC. He provided insufficient justification to show why he should be reinstated in the USAR.

Rec 0007.

Despite his vehement and sincere claim that the decision was wrong, Sandoval has not established that the discharge decision was arbitrary. The ABCMR's decision is entitled to substantial deference, and even if this Court would have given him another chance, it is not in a position to second guess the lawful decision that was made. There is no evidence of "fraud" in any of the decisions, and the record does not establish that there is any basis for reversing the ABCMR's decision.

Sandoval's Motion for Summary Judgment on his claim that his discharge was arbitrary is DENIED. The ABCMR's Motion for Summary Judgment on its claim that the decision was

//
//
//
//
//

proper is GRANTED. Sandoval's appeal is DENIED and his claims are DISMISSED. The ABCMR"s decision is AFFIRMED.

IT IS SO ORDERED.

Dated this 11th day of September, 2017.

Ronald B. Leighton
United States District Judge